NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MANUEL HERNANDEZ-MOLINA, AKA Jose Manuel Hernandez, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.  15-70099 <br><br> Agency No. A090-651-921 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2017**

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Jose Manuel Hernandez-Molina, a native and citizen of Nicaragua, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT"). We have

---

      \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and deny the petition for review.

Substantial evidence supports the agency's determination that Hernandez-Molina failed to demonstrate a nexus between the harm he fears and his actual or imputed political opinion. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1094-95 (9th Cir. 2002). Further, the BIA did not err in finding Hernandez-Molina failed to establish his membership in a cognizable social group, *see Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)), and he did not show that he would be persecuted on account of a protected ground, *see Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (desire to be free from harassment or random violence has no nexus to a protected ground).

Finally, substantial evidence supports the agency's denial of CAT relief because Hernandez-Molina failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of Nicaragua. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**